**CLARA R. SMIT, ESQ.**
**ATTORNEY AT LAW**
**TURNPIKE METROPLEX**
**190 HIGHWAY 18N, SUITE 200**
**EAST BRUNSWICK, N.J. 08816**
**(732) 843-6600**
**ATTORNEY FOR THE PLAINTIFF**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-------------------------------------------------------

**ERIKA VITALE,**

                        **Plaintiff**

**v.**


**NEUROLOGY SPECIALISTS OF**
**MORRIS COUNTY, LLC,**
**TATYANA MARX, MD,**                                    **CIVIL ACTION #**

                                                **COMPLAINT AND JURY DEMAND**

                        **Defendants**
-------------------------------------------------------


The plaintiff, ERIKA VITALE, residing at 22 Sherman Place, Township of Flanders, and State of New Jersey, by way of Complaint says:


**I**

**JURISDICTION**

Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title III, 28 USCS Section 12181 et seq and the Rehabilitation Act, 29 USCS Section 794, Section 504 as well as Title V of the ADA, (Retaliation). This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

**II.**

**PARTIES**

l. Plaintiff, ERIKA VITALE, resides at 22 Sherman Place, Township of Flanders, and State of New Jersey. She is profoundly deaf and communicates primarily through American Sign Language and is substantially limited in the daily activities of hearing. As such she is a qualified individual with a disability under the ADA, Rehabilitation Act and the NJLAD.

2. Defendants, Neurology Specialists of Morris County, LLC, Tatyana Marx, MD's office where plaintiff was seen is located at 101 Madison Avenue, Township of Morristown, County of Morris, State of New Jersey.

**III.**
**NATURE OF CASE**

On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., establishing the most important civil rights for persons with disabilities in our country's history. This action is brought by plaintiff against the doctor who provided medical treatment for plaintiff ERIKA VITALE in her failure to provide reasonable accommodations for plaintiff's disability and for discrimination based on disability. The plaintiff experienced humiliation and discrimination and retaliation in violation of her civil rights through Defendant's policies and practices of discrimination on the basis of disability.

This action claims that defendant violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act as well as Title V of the ADA, (Retaliation). In this action, plaintiff seeks money damages, declaratory relief, attorney's fees and costs and punitive damages.

**IV.**

**<u>FACTUAL ALLEGATIONS</u>**

l. One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities". 42 U.S.C. Section 12181 et seq.

2. The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-12.

3. Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

4. Defendant provides public accommodations within the meaning provided in each of the above laws.

5. As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiff who has a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

6. Among these aids include a failure to provide interpreters during the treatment that was provided by defendant to plaintiff ERIKA VITALE which were required for plaintiff and the defendant to effectively communicate. These aids were requested and denied on several occasions by the defendant during the plaintiff's visits to Dr. Tatyana Marx's office.

7. Plaintiff was ignored, humiliated and treated like a non-person by defendant. Defendant's actions resulted in plaintiff being irretrievably denied the complete understanding of the medical care she received while at the Defendant's office. Instead she experienced anxiety, and fear. Further the plaintiff's care was made more difficult and painful by her inability to communicate with the staff and attending doctor.

9. After plaintiff kept insisting that she required an interpreter to effectively communicate, defendant sent Plaintiff a letter advising her that they would not continue to provide medical

services to the plaintiff alleging plaintiff had acted inappropriately. Defendant used this pretext to retaliate against plaintiff solely due to her disability and her requests for accommodation.

10.   This lack of accommodation for plaintiff's disability is a continuing violation which occurred over several months. Plaintiff, ERIKA VITALE began treatment with defendant on November 21, 2014. Plaintiff had to try to communicate with Dr. Marx through handwritten notes and with the help of her mother, Denise Vitale. Plaintiff requested a sign language interpreter but defendant never provided one. As the plaintiff's English language skills are very limited and plaintiff's mother is not a qualified interpreter, the communication was ineffective. Defendant then terminated her as a patient directly because of her disability, her requests for accommodation and their failure to accommodate her disability.

11. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiff. Plaintiff will require the services of the defendant's facilities for future medical treatment. Based upon defendant's ongoing pattern of discrimination, plaintiff will once again be denied reasonable accommodation for her disability.

12. Defendant's willful, knowing and intentional discrimination against plaintiff was in violation of N.J.S.A. 10:5-1, et seq., the ADA, the Rehabilitation Act and Title V of the ADA, and caused plaintiff to suffer and continue to suffer mental and physical pain and anguish.

## FIRST COUNT

## VIOLATION OF STATE and FEDERAL STATUTES

1.   Plaintiff repeats and realleges all of the allegations set forth in the section entitled "Factual Allegations" as if set forth at length herein.

2.   Defendant's conduct is in violation of the N.J.S.A. 10: 5-1, et. seq, the Americans with Disabilities Act, 42 U.S.C. Section 12181 et seq. and the Rehabilitation Act of 1973, 29 U.S.C.

Section 794, as well as Title V of the ADA.

**WHEREFORE,** Plaintiff prays that the court grant judgment against the defendant, jointly and severally for the following:

    (a) Compensatory damages

    (b) Cost of suit to include disbursements and attorneys' fees;

    (c) Punitive damages; and

    (d) Injunctive Relief on behalf of all similarly situated deaf individuals;

    (e) Such other and further relief as this court sees fair and equitable.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Clara R. Smit, Esq., is hereby designated as trial counsel in this matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, the matter in controversy is not the subject of any other action pending in any court or Arbitration proceeding and plaintiff does not contemplate any other action or Arbitration proceeding.

## JURY DEMAND

Plaintiff demands trial by jury of 6 persons.

                                        **CLARA R. SMIT, ESQ.**
                                        **Attorney for Plaintiff**
                                        **/s/ Clara R. Smit**
                                        **CLARA R. SMIT,ESQ.**

Dated:   December 4, 2015